IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SAWYER, Derivatively on Behalf of Nominal Defendant LENDINGCLUB CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SANBORN, JOHN C. MORRIS, JOHN J. MACK, MARY MEEKER, LAWRENCE SUMMERS, SIMON WILLIAMS, DANIEL CIPORIN, JEFFREY CROWE, TIMOTHY J. MAYOPOLOUS, RENAUD LAPLANCHE, and CARRIE DOLAN,<br><br>Defendants,<br><br>and,<br><br>LENDINGCLUB CORPORATION,<br><br>Nominal Defendant. | No. C 17-06447 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**INTRODUCTION**

In this derivative shareholder action, defendants move to dismiss plaintiff's complaint pursuant to plaintiff's alleged failure to file within the statute of limitations. For the reasons stated below, defendants' motion to dismiss is **GRANTED**.

**STATEMENT**

Nominal defendant LendingClub Corporation is a publicly traded Delaware corporation that facilitates consumer and commercial loans through its online platform. In May 2016, LendingClub made several disclosures related to its failure to disclose personal investment

interests, material weakness in internal controls over financial reporting, and sales of non-conforming loans. The disclosures, which allegedly revealed five different categories of misstatements and omissions present in LendingClub's 2015 and 2016 proxy statements, form the basis of the instant derivative suit (Dkt. No. 71 at 2–5).

Plaintiff Jeremy Sawyer filed the instant suit in November 2017 — almost eighteen months after the disclosures at issue. Multiple actions related to these same disclosures had been filed in 2016. One such action, *Stadnicki v. Laplanche, et al.*, No. C 16–03072 WHA (N.D. Cal.), alleged, *inter alia*, violation of Section 14(a) of the Securities Exchange Act of 1934. The *Stadnicki* action was "voluntarily dismissed" and closed in August 2016 purportedly under FRCP 41(a). The dismissal of that action, however, was ineffective under FRCP 23.1(c), which requires court approval for voluntary dismissal of derivative actions. The *Stadnicki* action was thus reopened on June 28, 2018. Here, plaintiff's complaint, as in *Stadnicki*, asserts a claim against defendants under Section 14(a). On May 18, 2018, plaintiff also moved to intervene in the *Stadnicki* action (Case No. 16–03072, Dkt. Nos. 1, 26, 39, 59).[1]

Defendants now move to dismiss, arguing that the instant action is barred by the one-year statute of limitations for Section 14(a) claims. Plaintiff counters that his complaint is a continuation of the timely-filed *Stadnicki* action and thus remains timely. In the event that the instant case fails to qualify as a continuation of *Stadnicki*, plaintiff posits that he is entitled to relief from the statute of limitations pursuant to either equitable tolling or judicial estoppel.

## ANALYSIS

### 1. THE INSTANT ACTION IS DISTINCT FROM THE *STADNICKI* ACTION AND IS THUS TIME BARRED.

The statute of limitations in Section 14(a) claims, which creates a cause of action arising from the filing of a fraudulent proxy statement, runs one year after a plaintiff discovered, or

---

[1] Defendants request judicial notice of (1) plaintiff's Motion to Intervene in *Stadnicki v. Laplanche*, Case No. 3:16-cv-03072-WHA (N.D. Cal. May 18, 2018), (2) excerpts from the transcript of the June 28, 2018 hearing on the Motion to Intervene in the *Stadnicki* action, (3) nominal defendant LendingClub Corporation's Q3 2012 Form 10-Q, and (4) LendingClub's Q1 2016 Form 10-Q (Dkt. No. 73). Plaintiff has not opposed. A court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Defendants' request for judicial notice is **GRANTED**. Plaintiff's request for judicial notice is **DENIED AS MOOT**.

2

could have reasonably discovered, the facts constituting the violation. *Sabbag v. Cinnamon*, No. C 10–02735 JF (HRL), 2010 WL 8470477, at *2 (N.D. Cal. Dec. 10, 2010) (Judge Jeremy Fogel). Here, it is undisputed that plaintiff filed the instant action outside of the statute of limitations. Plaintiff, however, asserts the instant case *is* the *Stadnicki* action (which was filed within the statute of limitations), just "under a different [case] number," and is thereby not barred by the statute of limitations (Dkt. No. 81 at 6).

Plaintiff Sawyer is not Stadnicki and their respective lawsuits are distinct. This obvious proposition is clearly illustrated by the fact that plaintiff himself has moved to intervene in the *Stadnicki* action — which was recently reopened upon plaintiff's own instigation (*see* Case No. 16–3072, Dkt. Nos. 39, 59). Moreover, plaintiff filed a different complaint nearly two years after Stadnicki, with allegations and claims separate from those pursued in *Stadnicki* (which, unlike in the instant action, includes claims such as breach of fiduciary duty) (*compare* Dkt. No. 1 *with* Case No. 16–3072, Dkt. No. 1).

Plaintiff cites no authority corresponding to the facts of the instant action for the proposition that an untimely-filed case should simply be considered a continuation of a prior timely-filed case brought by a different shareholder, even if filed on behalf of the same nominal defendant. That both actions are filed on behalf of the same nominal defendant does not save plaintiff from the simple (and governing) fact that his action was filed under a different case number with claims separate from the *Stadnicki* action. Accordingly, plaintiff's complaint is distinct from the *Stadnicki* action and thus cannot benefit from the latter's timely filing date.

Plaintiff failed to file his complaint within the one-year statute of limitations for Section 14(a) claims. His action is therefore time barred. The following sections address why plaintiff cannot receive more conventional relief from the statute of limitations in this action.

### 2. PLAINTIFF CANNOT BENEFIT FROM EQUITABLE TOLLING.

The doctrine of equitable tolling, if applicable, can toll the limitations period. A litigant seeking to invoke the doctrine of equitable tolling bears the burden of proving that (1) the litigant has been diligently pursuing his rights and (2) extraordinary circumstances precluded plaintiff from timely filing. *Credit Suisse Secs. LLC v. Simmonds*, 566 U.S. 221, 227 (2012).

3

Because this order finds that there were no extraordinary circumstances, it does not reach whether plaintiff was diligent in pursuing his rights.

Here, plaintiff has not sufficiently shown the extraordinary circumstances necessary to merit the application of equitable tolling. Instead, plaintiff repeats that there would be no prejudice to *defendants* if the case were allowed to proceed (Dkt. No. 81 at 16). The premise that defendants would not be prejudiced by equitable tolling, however, is irrelevant so long as the litigant seeking to invoke equitable tolling has not met the criteria for the doctrine to apply.

Plaintiff seems to suggest that the prior ineffective dismissal in the *Stadnicki* action constituted an "extraordinary circumstance." Plaintiff, however, must show "that some extraordinary circumstance *stood in his way*." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (quoting *Holland v. Fla.*, 560 U.S. 631, 653 (2010)) (emphasis in original). Plaintiff's bald assertion that the improper dismissal in the *Stadnicki* action somehow equates to "the height of contradictory conduct for a defendant to argue that a plaintiff slept on his or her rights" (Dkt. No. 81 at 14), in the instant action is meritless.

*First*, plaintiff Stadnicki, *not* defendants, filed the notice of voluntary dismissal in the *Stadnicki* action. *Second*, the improper dismissal pursuant to FRCP 41(a) amounted to mere attorney oversight. *Third*, defense counsel in the *Stadnicki* action are entirely different from the defense counsel in the instant action, save for counsel for defendant Laplanche, who hardly "participated" in "violat[ing]" FRCP 23.1(c) (*see* Dkt. Nos. 81 at 14, 85 ¶¶ 4–6). Ultimately, plaintiff's unfounded diatribes against defense counsel cannot support any showing that defense counsel's conduct somehow "stood in [plaintiff's] way" in pursuing the instant action. Accordingly, equitable tolling does not apply.

### 3. PLAINTIFF CANNOT BENEFIT FROM JUDICIAL ESTOPPEL.

Judicial estoppel is an equitable doctrine that prevents one party from asserting a position and then later gaining an advantage by asserting a conflicting position. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). When asked to apply judicial estoppel, courts may consider whether (1) a party's former position is clearly inconsistent with its current position; (2) whether the party persuaded the court to accept its original position such

4

that judicial acceptance of the party's current position would create "the perception that either the first or the second court was misled;" and (3) whether the party who switched positions would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 782–83 (quoting *New Hampshire v. Maine*, 532 U.S. 742 (2001)). Plaintiff fails to persuasively address any of the above considerations.

*First,* while it is true that defendants admitted they previously believed the *Stadnicki* dismissal to be proper and now know it to be improper, that snafu did not toll the statute of limitations period. Defendants themselves never before represented anything, let alone something contrary to the position now asserted. *Second*, because defendants never took the position that plaintiff's untimely filing would be acceptable, this Court never relied on such a statement. *Third*, for the same reasons, defendants have not derived some unfair advantage from their conduct. Accordingly, judicial estoppel does not apply.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is **GRANTED**. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: August 29, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE